# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GARY F. TAYON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV1180 RLW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reverse and Remand (ECF No. 28). The suit involves an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. Plaintiff has filed a response indicating that he has no objection to Defendant's motion.

## Procedural History

On October 20, 2010, Plaintiff filed an application for SSI, alleging disability beginning August 10, 2004. (Tr. 177) Plaintiff alleged he was unable to work due to bipolar; schizophrenic; borderline incompetent – according to the federal court system. (Tr. 104) The application was denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 104, 109) After an August 18, 2011 hearing, the ALJ issued a Decision on October 3, 2011, finding that Plaintiff had not been under a disability since October 20, 2010. (Tr. 58-96) On December 17, 2012, the Appeals Council granted Plaintiff's request for review, vacated the hearing decision, and remanded the case for further proceedings. (Tr. 102-03) After a supplemental hearing held on May 20, 2013, the ALJ again found that Plaintiff had not been

under a disability since October 20, 2010, the date he filed the application. (Tr. 10-57) The Appeals Council denied Plaintiff's request for review on May 1, 2014. (Tr. 1-4) Thus the ALJ's decision is the final decision of the Commissioner.

## Discussion

On June 30, 2014, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed her Answer on September 11, 2014. On May 27, 2015, Defendant filed a Motion to Reverse and Remand pursuant to sentence four of 42 U.S.C. § 405(g).

In the motion, Defendant asserts that, after careful review of Plaintiff's case, agency counsel requested that the Social Security Administration Appeals Council reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration because the ALJ failed to properly evaluate Plaintiff's claim. In addition, Defendant avers that pursuant to this Court's order of remand, the Appeals Council will remand the case to the ALJ, who will update the record, obtain evidence from a consultative examiner, and reassess the opinion evidence and Plaintiff's credibility. Further, the ALJ will reevaluate Plaintiff's residual functional capacity and, if necessary, obtain evidence from a vocational expert.

Two sentences in 42 U.S.C. § 405(g) govern remands. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Sentence four requires substantive

ruling on the correctness of the administrative decision. *Melkonyan*, 501 U.S. at 98; *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See *Schaefer*, 509 U.S. at 297; *Buckner*, 213 F.3d at 1010.[1]

The undersigned has reviewed the record in light of Defendant's assertions in the motion to remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. However, it is worth noting that Plaintiff has raised several points of error in his Brief in Support of the Complaint, including failure to consider a structured setting, failure to properly consider Plaintiff's severe impairments at Step 2, and failure to fully and fairly develop the arguments both for and against granting benefits.

In light of Defendant's motion, the Court will reverse and remand this case for further consideration. On remand, the Appeals Council will remand the case to the ALJ and direct the ALJ to update the record; obtain evidence from a consultative examiner; reassess the opinion evidence and Plaintiff's credibility; reevaluate Plaintiff's residual functional capacity; and, if necessary, obtain evidence from a vocational expert. Because Defendant agrees that the case should be remanded, and Plaintiff has no objection, the Court will grant Defendant's motion to reverse and remand under sentence four.

Accordingly,

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in-depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and Plaintiff has no objection to the motion.

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand (ECF No. 28) is **GRANTED** and this cause is **REVERSED** and **REMANDED** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 28th day of May, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

pursuant to sentence four of 42 U.S.C. § 405(g). A separate Judgment in accordance with this Memorandum and Order is entered this same date.