UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY F. TAYON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV1180 RLW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Petition for Award of Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (ECF No. 32). The motion is fully briefed and ready for disposition.

On June 30, 2014, Plaintiff filed a Complaint for Judicial Review of Decision of the Commissioner of Social Security, which decision denied his application for Supplemental Security Income under Title XVI of the Social Security Act. Upon the request by the Defendant and consent of Plaintiff, the Court remanded the case to the ALJ for further review on May 28, 2015. As the prevailing party,[1] Plaintiff filed a motion for attorney's fees under the EAJA in the amount of $8,030.01, representing 42.6 hours of attorney work at the rate of $188.50 per hour. Defendant does not object to the payment of EAJA fees or the hourly rate. However, Defendant objects to the amount of requested fees as excessive.

In EAJA actions, the district court has the authority to award reasonable and necessary expenses associated with adjudicating a claim for social security benefits. *Kelly v. Bowen*, 862

---

[1] The Court remanded the case under sentence four, thus Plaintiff is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

F.2d 1333, 1335 (8th Cir. 1988). The Court has discretion to determine the proper amount of fees. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988). A district court may reduce the number of hours submitted by counsel where counsel claims excessive hours for litigating a social security disability claim because the court is "'in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe first-hand counsel's representation on the substantive aspects of the disability claim.'" *Hickey v. Sec'y of HHS*, 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989)); *see also Johnson v. Barnhart*, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, at *1 (W.D. Mo. Jan. 13, 2004) (finding the court has the duty to make an independent evaluation regarding the reasonableness of the attorney's bill and exclude from the fee calculation those hours not reasonably expended) (citations and internal quotations omitted). In determining the reasonableness of a motion for EAJA fees, courts consider "whether the attorney's work was valuable to the client, [ ] whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area." *Johnson*, 2004 WL 213183, at *1 (citations omitted).

Here, Defendant first argues that counsel should not be reimbursed for 1.4 hours spent responding to this Court's Order to show cause. Plaintiff, however, responds that counsel did not enter her appearance until after the Court issued the Order. The Court finds that counsel did not incur these costs due her oversight or incompetence, and the Court will award fees for those 1.4 hours accordingly.

Nevertheless, the Court agrees with Defendant that Plaintiff's itemization of 40.5 hours for briefing the case is excessive. Here, while the transcript is 601 pages, the medical evidence is

only 258 pages. Plaintiff's counsel argues that she expended so many hours because the hearing decision contained numerous defects. However, review of the 16-page Brief in Support of the Complaint shows that the case is not novel or complex, nor does counsel assert that this action required specialized skill.

The Court finds that 40.5 hours solely to work on a routine brief by an attorney experienced in social security disability cases before this Court should be reduced.[2] After review of the record, as well as Plaintiff's motion and the related pleadings, the Court will reduce the total amount of attorney time on the brief by 13.5 hours for a total of 27 hours. With the additional 1.4 hours for responding the Order to show cause, as well as the .7 hours to which Defendant does not object, the Court finds that Plaintiff is entitled to 29.1 hours of attorney time. *See Reed v. Astrue*, No. 4:10CV431 TIA, 2011 WL 3943606, at *2 (E.D. Mo. Sept. 7, 2011) (reducing attorney time by 15 hours where counsel requested 46.8 hours of reimbursable time, yet the case was not complex, and counsel was well versed in social security law and represented numerous plaintiffs before courts in the Eastern District of Missouri).

Therefore, the Court will award EAJA fees in the amount of $5,485.35, payable to the Plaintiff as the prevailing party. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding that EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States).

Accordingly,

---

[2] The Court finds *Williams v. Colvin*, No. 4:14CV910 JAR, to be instructive. In that case, the transcript was 653 pages, and the medical evidence was even more voluminous than the present case, at 440 pages. Plaintiff filed a 15 page brief in support of the complaint, and Defendant filed a motion to voluntarily remand. (ECF Nos. 25, 28) Plaintiff's counsel then filed a petition for attorney's fees with an itemization of only 23 hours to work on Plaintiff's brief. (ECF No. 25-1) Similarly, in *Lewis v. Colvin*, No. 4:14CV32 SPM, counsel requested only 31 hours to work on a case with a transcript over 1,000 pages.

3

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Award of Attorney Fees pursuant to the Equal Access to Justice Act (ECF No. 32) is **GRANTED** in the amount of $5,485.35 to be paid by the Social Security Administration.

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff Gary Tayon and mailed to Plaintiff's attorney, Traci L. Severs, 211 North Broadway, Suite 2400, St. Louis, Missouri 63102.

Dated this 30th day of September, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**